MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. W. J. DUNNAWAY.

Decided June 2, 1906.

**1.—Right of Way Gates—Duty to Repair—Trivial Defect.**

In a suit for the value of animals killed by defendant's train the evidence showed that the animals escaped from plaintiff's enclosure through a gate at a private crossing onto defendant's right of way; that the gate had become defective, and that it would have cost from twenty-five cents to two dollars to have repaired the same. Held, that whether or not the defect was so trivial as to have made it the duty of the plaintiff to repair the same was a question of fact for the jury, and the court did not err in refusing a peremptory instruction for the defendant.

**2.—Same—Contributory Negligence.**

Plaintiff's stock were allowed to run in an enclosure separated from a cotton field by a fence consisting of only one strand of wire; from the enclosure they escaped into the cotton field and thence through a defective gate onto the right of way. Held, plaintiff was not guilty of contributory negligence.

Appeal from the County Court of Ellis County. Tried below before Hon. F. L. Hawkins.

*Groce & Eskridge,* for appellant.—From the evidence it indisputably appeared that the defects in the gate through which appellee's mules probably entered upon appellant's track were trivial in their nature, and such as could have been repaired practically without labor or expense, and were regarded by appellee as not of sufficient importance for him to call appellant's attention to them, and such defects should have been remedied by appellee, or he should have requested appellant to remedy them, and under the facts the trial court erred in submitting to the jury the question whether such defects were trivial or substantial, and in refusing the peremptory instruction requested on behalf of appellant, and further erred in refusing appellant a new trial, because the evidence was insufficient to sustain the verdict and judgment for appellee. Missouri, K. & T. Ry. Co. of Texas v. Bradshaw, 83 S. W. Rep., 897; St. Louis S. W. Ry. Co. v. Adams, 24 Texas Civ. App., 236; Texas & P. Ry. Co. v. Glenn, 8 Texas Civ. App., 303.

*Skinner & Supple,* for appellee.

RAINEY, Chief Justice.—This is an appeal from a judgment in favor of W. J. Dunnaway, wherein he recovered from the Missouri, Kansas & Texas Railway Company of Texas damages for the killing of two mules and injuring several others by one of the railway company's trains. It was alleged that defendant's track ran through plaintiff's farm, its right of way fenced with a private crossing enclosed by gates, which the railway company negligently permitted to get out of repair and through which said mules gained access to the right of way where they were killed and injured as aforesaid. Defendant answered by exceptions, a general denial, and specially that the defect could have been remedied practically without labor or expense and that plaintiff was negligent in not repairing or requesting defendant to repair such defect, and in permitting the stock to escape into the enclosure, from which they could enter upon the right of way.

The court by its charge submitted to the jury, for its determination, the question, whether or not the defect in the gate was of such a trivial character as that the plaintiff could have repaired it practically without labor or expense. The appellant asked a peremptory instruction in its favor and contends that the evidence shows the labor and expense necessary to repair such gate was so trivial that plaintiff should not recover. This peremptory instruction was refused and error is assigned thereto.

There is practically no conflict in the evidence on the main issues. It shows that the gate posts had been drawn farther apart, some eight inches, by the wire fence so that the chain attached to the gate would not reach the spike on the post, placed there for fastening the gate. This left the gate insecure and it stood open, and there was no obstruction to prevent stock going on the right of way.

Plaintiff testified in effect that the chain could have been extended by attaching a few more links thereto, which would have cost about $1.25. He further stated that he would have taken the contract for twenty-five cents. When questioned about the cost of placing another post in between the gate and original post to prevent the gate from swinging too far, he stated that it would be from one to one and one-half

dollars.   One Calvert, witness for plaintiff, testified as to putting the post in, that it would cost from one to two dollars.   No other witness testified as to the cost of repairing the post.   After the injury to the mules the gate was repaired, presumably by the railway company, by a post being put in between the gate and original post, but what it cost is not shown.

In St. Louis S. W. Ry. Co. v. Adams, 24 Texas Civ. App., 236, this court held, under the circumstances of that case, that when the defect in a gate could be repaired practically without labor or expense the party could not recover, but in that case there was no testimony as to what it would cost to repair.   The law requires the railroad to keep its fences in repair and whether or not the testimony in this case shows that the repair could have been made practically without labor or expense, was a question for the jury, and the court did not err in not giving appellant's peremptory instruction.   If the defect could have been remedied by the expenditure of twenty-five cents by lengthening the chain, it seems it would have been practically inexpensive.   But was that the proper way to repair it?   It seems in repairing it the railway company, did not think so, as it put in another post, which was evidently at greater cost than twenty-five cents, but at such cost that we can not undertake to say it was practically without labor or expense.   The law does not contemplate that the land owner shall be at any labor or expense to keep the railroad fences that run through his farm in repair. What would be practically no labor or expense in one case might be so in another case and it is a question for the jury.

The plaintiff had his stubble land separated from his cotton land by one strand of wire, and his mules were being pastured on the stubble. From this enclosure they escaped into the cotton land enclosure and from there they went through the open gate onto the right of way. Defendant contends that in this plaintiff was guilty of contributory negligence and it asked a special charge covering this feature of the case,. which charge was refused.   We do not think there was error in refusing this charge.   In the case of Houston, E. & W. T. Ry. Co. v. Adams, 63 Texas, 200, a case analogous to this in principle, where the railway company failed to keep its cattle guards in repair, it could not shield itself from damages to crops from cattle getting in by the failure of the land owner to repair the cattle guards.   See also Kendall v. Railway Co., decided by this court May 26, 1906.   Plaintiff had the right to allow his stock to run on his premises, and the mules escaping from his enclosure, under the circumstances, did not relieve the railway company from liability, and there was no error in refusing the charge requested.

The judgment is affirmed.

*Affirmed.*